916 A.2d 1078

PAUL F. RATTI, PETITIONER–APPELLANT, v. DEPARTMENT
OF CORRECTIONS, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 17, 2006—Decided March 6, 2007.

Before Judges KESTIN, WEISSBARD and LIHOTZ.

*Paul F. Ratti*, appellant pro se.

*Stuart Rabner*, Attorney General, attorney for respondent (*Patrick DeAlmeida*, Assistant Attorney General, of counsel; *Keith S. Massey, Jr.*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

KESTIN, P.J.A.D.

Paul F. Ratti, an inmate in the Northern State Prison, was charged with a prison disciplinary infraction, threatening another with bodily harm, as prohibited by *N.J.A.C.* 10A:4–4.1.*005. The charge arose from a confrontation between Ratti and Senior Corrections Officer J. Jones.

The required disciplinary hearing on Officer Jones's charge began before Hearing Officer Colay. It appears from the standard adjudication form that, on the first hearing date, November 28, 2005, Hearing Officer Colay, with the charge in hand, heard the inmate's testimony and then adjourned the matter at the inmate's request so that confrontation questions could be posed to Officer Jones. On November 30, the hearing was again postponed by Hearing Officer Colay. The hearing was completed on December 2, 2005, with Hearing Officer Morales presiding.

The adjudication form is signed by both hearing officers on the respective dates. The handwritten notations on portions of the form differ, apparently having been entered by the presiding hearing officer on the date or dates each presided. On the face of

the form, its first two pages were completed by one hearing officer, presumably Colay, including item fourteen, the section describing the "inmate's evidence". The entries on page three of the form are in a different handwriting. These include item eighteen, "summary of evidence relied on to reach decision", containing references to Officer Jones's responses to the confrontation questions posed on behalf of the inmate. Items nineteen and twenty, "sanction(s)" and "reason(s) for sanction(s)", also appear on page three. This page was apparently completed by Hearing Officer Morales. Thus, it seems clear from the record that different hearing officers conducted separate proceedings in the evidentiary phase of the matter.

Given the nature of the issues presented, necessarily involving credibility determinations, the conduct of the evidentiary hearings by two different hearing officers is unacceptable as a violation of the fundamental fairness that must attend all prison disciplinary proceedings. *See Avant v. Clifford,* 67 *N.J.* 496, 341 *A.*2d 629 (1975). Especially when credibility determinations are to be made, it is imperative that a single finder of fact receive all the evidence and make determinations based on all of the proofs.

This idea can be seen to be at the heart of the principle insulating a fact-finder's determinations from being disturbed on review, see, *e.g., State v. Segars,* 172 *N.J.* 481, 500, 799 *A.*2d 541 (2002); *State v. King,* 44 *N.J.* 346, 354, 209 *A.*2d 110 (1965), or on a motion for a new trial, unless a miscarriage of justice has occurred, *see, e.g., Dolson v. Anastasia,* 55 *N.J.* 2, 6–8, 258 *A.*2d 706 (1969). The high regard for a fact-finder's determination assumes that a single panel or person discharging that pivotal function has weighed all the evidence produced and has arrived at considered conclusions regarding the facts of the matter. It is obvious that the critical evaluation entailed cannot possibly be conducted, especially where credibility is involved, when one fact-finder has heard some of the evidence on the focal issue and another fact-finder has heard the remainder of the evidence.

Thus, we conclude that, when the evidentiary phase of a hearing has begun but is adjourned for any reason, and the original hearing officer is unavailable on the date the hearing resumes, the evidentiary phase of the hearing must begin anew before the replacement hearing officer. In this matter, therefore, a new hearing must be held, with all the evidence submitted to the same hearing officer and with that hearing officer making all the required findings of fact and conclusions based upon the evidence.

In the light of this determination that a new hearing must be held, none of the other arguments advanced by Ratti on appeal has sufficient merit to warrant at-length discussion in a written opinion. *R.* 2:11–3(e)(1)(E). We reject, particularly, the argument that an inmate is necessarily entitled to in-person confrontation of the charging officer and in-person presentation of his own evidence. Because of the critical concerns that attend inmate disciplinary hearings, the special due process rights of inmates justify the use of documentary evidence in particular instances. *See Wolff v. McDonnell,* 418 *U.S.* 539, 556, 563–68, 94 *S.Ct.* 2963, 2975, 2978–80, 41 *L.Ed.*2d 935, 950, 955–58 (1974); *Avant, supra,* 67 *N.J.* at 528–32, 341 *A.*2d 629; *see also McDonald v. Pinchak,* 139 *N.J.* 188, 194, 652 *A.*2d 700 (1995); *Jacobs v. Stephens,* 139 *N.J.* 212, 652 *A.*2d 712 (1995). If, in this matter as it is heard on remand, the hearing officer determines that the needs of the case or the attendant circumstances require some or all of the proofs to be made in documents rather than in-person testimony, the reasons for that determination must be stated in the decision. *See Avant, supra,* 67 *N.J.* at 530–31 n. 27, 341 *A.*2d 629. We also do not address whether the second hearing officer erred in disallowing some of the confrontation questions posed by the inmate to the charging officer, *see ibid.;* the appropriateness of those questions must be considered anew by the officer presiding over the re-hearing we have ordered.

The disciplinary adjudication is reversed and the matter is remanded for a new hearing.