**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0909-18T3

WARREN GROOMES,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

          Submitted October 2, 2019 – Decided October 16, 2019

          Before Judges Hoffman and Firko.

          On appeal from the New Jersey Department of Corrections.

          Warren Groomes, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Nicholas A. Sullivan, Deputy Attorney General, on the brief).

PER CURIAM

Warren Groomes, an inmate in the State's correctional system, appeals from a final determination of the New Jersey Department of Corrections (Department), which upheld a hearing officer's decision finding him guilty of committing prohibited act *.005, threatening a corrections officer with bodily harm, in violation of N.J.A.C. 10A:4-4.1(a).[1] We affirm.

On September 17, 2018, while confined at Bayside State Prison, Groomes attempted to submit a business remit at the prison cottage. The on-duty senior corrections officer, P. Malmgren, reported that Groomes became angry and, when told to "wait a minute" and to "calm down[,]" he responded by telling Malmgren, "You better take this remit or you are gonna get fucked up." The Department charged Groomes with prohibited act *.005, threatening another with bodily harm, in violation of N.J.A.C. 10A:4-4.1(a).

At his initial disciplinary hearing on September 19, 2018, before Hearing Officer DiBenedetto, Groomes pled not guilty to the charge, arguing that because he is deaf, he could not understand what Malmgren said to him at the time. The hearing was adjourned when Groomes was granted counsel substitute.

---

[1] "Prohibited acts preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions." N.J.A.C. 10A:4-4.1(a).

The hearing recommenced on September 21, 2018, in front of a different Hearing Officer, Ralph, who found Groomes guilty of committing prohibited act *.005. The hearing officer noted, "Reports indicate that a threat was clearly made towards the officer. This behavior will not be tolerated. The decision of the Hearing Officer was based upon substantial evidence. No leniency will be afforded to you."

The hearing officer imposed the following sanctions: ninety-one days of administrative segregation, the loss of sixty days of computation credits, and the loss of fifteen days of recreational privileges.

On September 21, 2018, Groomes filed an administrative appeal. On September 26, 2018, A. Lewis, the Assistant Superintendent of New Jersey State Prison (NJSP), issued a final decision, upholding the hearing officer's decision and sanctions imposed. Groomes's appeal to this court followed.

On appeal, Groomes argues that his right to due process was violated because: (1) he was denied the right to testify on his own behalf and to call witnesses; (2) there was a lack of substantial evidence to support the disciplinary decision; (3) Hearing Officer Ralph assumed responsibility for the matter when Hearing Officer DiBenedetto was unavailable; and (4) his counsel substitute

provided ineffective assistance because he failed to advise Groomes of his right to request a polygraph examination.

The standard of review that applies in this appeal is well-established. "In light of the executive function of administrative agencies, judicial capacity to review administrative actions is severely limited." George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994) (citing Gloucester Cty. Welfare Bd. v. N.J. Civil Serv. Comm'n., 93 N.J. 384, 390 (1983)).

When reviewing a final decision of the Department in a prisoner disciplinary proceeding, we consider whether there is substantial evidence to support the agency's finding that the inmate has committed the prohibited act and whether, in making its decision, the Department complied with the regulations adopted to afford inmates procedural due process. McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995); Jacobs v. Stephens, 139 N.J. 212, 220-22 (1995).

Here, there is substantial evidence to support the Department's determination that Groomes committed prohibited act *.005. Documentation signed by Groomes's counsel substitute indicates that no witnesses were named for Groomes's defense and he waived the opportunity to confront and cross-examine adverse witnesses.

A-0909-18T3

Groomes also argues there was a lack of substantial evidence to support the disciplinary action but the signed adjudication documentation lists six items of evidence considered in rendering the decision. Moreover, the Assistant Superintendent's final decision indicates that she considered the reports before upholding the hearing officer's decision. The Department therefore followed the procedural requirements for disciplinary sanctions to be imposed. See Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 26-27 (App. Div. 2005).

Groomes further argues his right to due process was violated because Hearing Officer Ralph assumed responsibility for the matter when Hearing Officer DiBenedetto was not available, but allegedly failed to begin the proceedings anew. In support of this argument, Groomes relies upon Ratti v. Dep't of Corr., 391 N.J. Super. 45 (App. Div. 2007). In Ratti, we held "when the evidentiary phase of a hearing has begun but is adjourned for any reason, and the original hearing officer is unavailable on the date the hearing resumes, the evidentiary phase of the hearing must begin anew before the replacement hearing officer." Id. at 48. Groomes's reliance upon Ratti is misplaced.

In this case, the record shows the disciplinary hearing began on September 19, 2018, but the hearing was adjourned because Groomes pled not guilty to the charges and was assigned counsel substitute. Groomes indicated he understood

A-0909-18T3

his rights and consented to the adjournment of the hearing. The evidentiary portion of the proceeding was heard on the adjourned date.

Groomes further argues that his counsel substitute provided ineffective assistance when he failed to advise him of his right to request a polygraph. A prison administrator may grant a request for a polygraph if "there are issues of credibility regarding serious incidents or allegations which may result in a disciplinary charge[.]" N.J.A.C. 10A:3-7.1(a)(1). An inmate does not have a right to a polygraph in a disciplinary proceeding, but the inmate's request for a polygraph "should be granted when there is a serious question of credibility and the denial of the examination would compromise the fundamental fairness of the disciplinary process." Ramirez, 382 N.J. Super. at 20.

Here, the record does not show any inconsistencies in the testimony or serious questions of credibility in the matter that could not be resolved in the hearing process. In addition, Groomes waived the opportunity to cross-examine Malmgren's credibility by failing to confront him or call defense witnesses.

Absent any evidence to support Groomes's claims, it is highly unlikely that a polygraph request would have been granted. Therefore, the absence of a polygraph was inconsequential and not ineffective assistance of counsel substitute.

A-0909-18T3

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0909-18T3